E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-5269
     E-mail:    scott.paetty@usdoj.gov
                ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-CR-00047-JLS-2 |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| CHRISTOPHER K. KAMON, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** 04/04/2023<br>**PROPOSED TRIAL DATE:** 12/12/2023<br>**PROPOSED STATUS CONF.:** 12/01/2023 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, and defendant Christopher K. Kamon ("defendant"), both individually and by and through his counsel of record, Jack DiCanio, Allen Lanstra, and Matthew Tako, hereby stipulate as follows:

1.  The Indictment in this case was filed on January 31, 2023. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on February 6, 2023. The

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before April 17, 2023.
3       2.   On February 6, 2023, the Court set a trial date of April 4,
4  2023 and a status conference date of March 24, 2023.
5       3.   Defendant is detained pending trial.  Defendant Thomas V.
6  Girardi is released on bond pending trial.  The parties estimate that
7  the trial in this matter will last approximately 8-10 days.  All
8  defendants are joined for trial and a severance has not been granted.
9       4.   By this stipulation, defendant moves to continue the trial
10 date to December 12, 2023, and the status conference date to December
11 1, 2023.  This is the first request for a continuance.
12      5.   Defendant requests the continuance based upon the following
13 facts, which the parties believe demonstrate good cause to support
14 the appropriate findings under the Speedy Trial Act:
15           a.   Defendant is charged with violations of 18 U.S.C.
16 § 1343:  wire fraud.  The government has and continues to produce
17 discovery to the defense, which includes voluminous bank records,
18 credit card statements, e-mail communications, witness interviews,
19 investigative reports, and other internal communications.  Given the
20 volume of discovery in both the instant case and defendant's
21 companion case, CR 23-00024-JLS, defense counsel represent that more
22 time is needed to review the discovery produced by the government to
23 date, as well as the forthcoming discovery in both criminal matters.
24           b.   Defense counsel also represent that they have
25 scheduling conflicts, including, for example, briefing a motion to
26 dismiss in In Re: ZF-TRW Airbag Control Units Products Liability
27 Litigation, Case No. 2:19-ml-02905-JAK-MRW (C.D. Cal.), between March
28 24, 2023 and July 7, 2023.  Accordingly, counsel represent that they

2

1 | will not have the time that they believe is necessary to prepare to
2 | try this case on the current trial date.
3 |    c. In light of the foregoing, counsel for defendant also
4 | represent that additional time is necessary to confer with defendant,
5 | conduct and complete an independent investigation of the case,
6 | conduct and complete additional legal research including for
7 | potential pre-trial motions, review the discovery and potential
8 | evidence in the case, and prepare for trial in the event that a
9 | pretrial resolution does not occur.  Defense counsel represent that
10 | failure to grant the continuance would deny them reasonable time
11 | necessary for effective preparation, taking into account the exercise
12 | of due diligence.
13 |    d. Defendant believes that failure to grant the
14 | continuance will deny him continuity of counsel and adequate
15 | representation.
16 |    e. The government does not object to the continuance.
17 |    f. The requested continuance is not based on congestion
18 | of the Court's calendar, lack of diligent preparation on the part of
19 | the attorney for the government or the defense, or failure on the
20 | part of the attorney for the Government to obtain available
21 | witnesses.
22 |  6. For purposes of computing the date under the Speedy Trial
23 | Act by which defendant's trial must commence, the parties agree that
24 | the time period of April 4, 2023 to December 12, 2023, inclusive,
25 | should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
26 | (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a
27 | continuance granted by the Court at defendant's request, without
28 | government objection, on the basis of the Court's finding that: (i)

the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Co-defendant Thomas V. Girardi is currently undergoing a competency evaluation pursuant to 18 U.S.C. ¶ 4241 et seq. Therefore, any delay resulting from the determination of defendant Girardi's mental competency and evaluation pursuant to § 4241(b) is excludable in computing the time within which the trial must commence pursuant to 18 U.S.C. §§ 3161(h)(1)(A). Furthermore, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of April 4, 2023 to December 12, 2023, constitutes a reasonable period of delay for co-defendant Girardi, who is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

//

    8.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: March 13, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

                                 /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

    I am Christopher K. Kamon's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 12, 2023 is an informed and voluntary one.

_____        3/16/23
JACK DICANIO                     Date
ALLEN LANSTRA
MATTHEW TAKO

Counsel for Defendant
CHRISTOPHER K. KAMON

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 12, 2023.

_____          3/16/23
CHRISTOPHER K. KAMON                     Date
Defendant