E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/1786
    Facsimile: (213) 894-6269
    E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-00047-JLS-2 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| CHRISTOPHER K. KAMON, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** 12/12/2023<br>**PROPOSED TRIAL DATE:** 03/12/2024<br>**PROPOSED STATUS CONF.:** 02/01/2024 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, and defendant Christopher K. Kamon ("defendant"), both individually and by and through his counsel of record, Michael Severo, hereby stipulate as follows:

1. The Indictment in this case was filed on January 31, 2023. Defendant first appeared before a judicial officer of the court in

1. which the charges in this case were pending on February 6, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 17, 2023.

2. On February 6, 2023, the Court set a trial date of April 4, 2023 and a status conference date of March 24, 2023. On March 22, 2023, pursuant to a stipulation filed by the parties, the Court continued the trial to December 12, 2023. (Dkt. 52.)

3. On September 27, 2023, defense counsel, Michael Severo, substituted in as counsel of record for defendant. (Dkt. 133.)

4. Defendant is detained pending trial. Defendant Thomas V. Girardi is released on bond pending trial. The parties estimate that the trial in this matter will last approximately two to three weeks. All defendants are joined for trial and a severance has not been granted.

5. By this stipulation, defendant moves to continue the trial date to March 12, 2024, and the status conference date to February 1, 2024. This is the second request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 18 U.S.C. § 1343: wire fraud. The government has produced discovery to the defense, which includes bank records, credit card statements, e-mail communications, witness interviews, investigative reports, and other internal communications. Given the volume of discovery in both the instant case and defendant's companion case, CR 23-00024-JLS, defense counsel represents that more time is needed to prepare for trial.

b.   Counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

d.   The government does not object to the continuance.

e.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

7.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 2, 2023 to March 12, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of

the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Co-defendant Thomas V. Girardi is currently undergoing a competency evaluation pursuant to 18 U.S.C. ¶ 4241 et seq. Therefore, any delay resulting from the determination of defendant Girardi's mental competency and evaluation pursuant to § 4241(b) is excludable in computing the time within which the trial must commence pursuant to 18 U.S.C. §§ 3161(h)(1)(A).

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 2, 2023              Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    MACK E. JENKINS
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    _____
                                    SCOTT PAETTY
                                    ALI MOGHADDAS
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

I am Christopher K. Kamon's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right ~~to be~~ brought to trial earlier than March 12, 2024 is an informed and voluntary one.

_____  10.6.2023
MICHAEL SEVERO                Date
Counsel for Defendant
CHRISTOPHER K. KAMON

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 12, 2024.

_____  10/06/23
CHRISTOPHER K. KAMON          Date
Defendant

5