Michael V. Severo, Esq.  (SBN.: 072599)
**THE SEVERO LAW FIRM**
301 N. Lake Avenue, Suite 315
Pasadena, CA 91101
(626)844-6400
msevero@mvslaw.com

Attorneys for Defendant,
    CHRISTOPHER KAMON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>Vs.<br><br>CHRISTOPHER KAMON,<br><br>                Defendant. | Case No.  23-CR-00047-JLS<br><br>**DEFENDANT CHRISTOPHER KAMON'S *OPPOSITION* TO DEFENDANT GIRARDI'S EX PARTE APPLICATION FOR ORDER SETTING A BRIEFING SCHEDULE**<br><br>Trial Date:  August 6, 2024<br><br>Hearing Date:  TBD<br>Hearing Time:  TBD<br>Courtroom 8A, Hon. Josephine Staton |

    Defendant CHRISTOPHER KAMON ("KAMON") hereby opposes defendant Thomas Girardi's ("GIRARDI") ex parte application for an order setting a briefing schedule on KAMON's noticed motion to exclude evidence of other acts, currently set for June 20, 2024.

    This opposition is made upon the grounds that GIRARDI has failed to make a showing of irreparable injury or prejudice or that the ex parte relief is not due to his own lack of due diligence; that KAMON's motion was duly noticed and provides ample time for opposition by any party; that setting a briefing schedule as requested by GIRARDI

will cause KAMON irreparable harm in the preparation of his defense; and upon such other grounds as may hereafter be set forth.

    This opposition is based upon this notice, the attached declaration of Michael V. Severo, and upon all other documents, pleadings, and evidence on file in this case and as may be further adduced at a hearing on this ex parte application.

Dated: May 27, 2024                  THE SEVERO LAW FIRM

By  /s/ *Michael V. Severo*
      Michael V. Severo
      Attorney for Defendant
        CHRISTOPHER KAMON

2

## DECLARATION OF MICHAEL V. SEVERO

I, MICHAEL V. SEVERO, do hereby declare as follows:

1. I am an attorney at law duly licensed to practice before all courts in the State of California and the U.S. District Court for the Central District of California.

2. I am the attorney of record for defendant CHRISTOPHER KAMON.

3. On May 24, 2024, GIRARDI filed an ex parte application to set a briefing schedule. Docket 190. It is unclear from the application what briefing schedule GIRARDI seeks other than stated at paragraph 6 of the Declaration of Charles J. Snyder that he seeks a schedule that would be "fair, orderly, and efficient," and affords a "reasonable opportunity for all sides" to present their respective positions. It is unknown from a reading of the application what such a briefing schedule should be.

4. I offer this declaration in opposition to GIRARDI's ex parte application to set a briefing schedule other than that currently set by Local Rules 6-1, 7-9, and 7-10 and this court's own Order re Criminal Proceedings at paragraph 5, available on its website.

5. On January 10, 2024, I appeared before this court for a status conference.

6. On the same date, Deputy Federal Public Defenders Charles Snyder and Alejandro Barrientos appeared on behalf of GIRARDI. DFPD Snyder replaced former DFPD Craig Harbaugh on that date. DFPD Barrientos has been a member of the GIRARDI defense team since March 17, 2023. See Dkt. No. 47.

7. At the status conference on January 10, 2024, Mr. Snyder made the same argument that he makes here, viz., the defense team has changed and GIRARDI should be given more time to allow his defense lawyers to become familiar with the case. Despite these concerns, the court set the trial date on May 21, 2024, finding that GIRARDI had the benefit of three lawyers assigned to him and that those resources are sufficient to guarantee GIRARDI the effective assistance of counsel.

8. Currently, GIRARDI continues to be represented by the same three lawyers from the Federal Public Defenders Office.

9. Since January 10, 2024, I have had conversations with DFPD Charles Snyder concerning GIRARDI's theory that KAMON is responsible for the alleged misconduct in this case and the evidence that the Government may seek to introduce regarding allegations that KAMON embezzled funds from GIRARDI's law firm – what the Government has termed a "side fraud." Allegations of the alleged KAMON embezzlement are the subject of a separate criminal action pending before this court in case number CR 23 – 00024 JSL.

10. On February 28, 2024, the Government served all parties with a notice of its intent to offer evidence of KAMON's alleged side fraud at the trial in this action.

11. The parties have, since then, on occasion discussed KAMON's opposition to the introduction of this evidence, and GIRARDI's favorable position to the introduction of the evidence. That is to say, both the Government and GIRARDI seek the introduction of the evidence as noticed by the Government.

12. I have reviewed much of the discovery provided by the Government. The evidence against GIRARDI is overwhelming, and nothing in the evidence of KAMON's alleged side fraud which the Government seeks to introduce at trial, exculpates GIRARDI, as the latter claims in his ex parte application. As set forth in KAMON's motion, the Government's proffered evidence is, at a minimum, irrelevant to any issue in this case.

13. After completing review of additional discovery and conducting substantial research, I determined that the Government's attempt to introduce in this case evidence of KAMON's alleged side fraud does not meet the test of inextricably intertwined evidence, is a violation of Fed. Rules of Ev., Rule 404(b) and, in any event, should be excluded because its probative value is far outweighed by its prejudicial effect as provided for n Fed.R.Ev., Rule 403.

14. Furthermore, the evidence of KAMON's alleged side fraud is the basis of a completely different case. Thus, admitting the evidence in this case would require preparation in two different cases.

15. I am a sole practitioner and operate with two staff members who aid me in the preparation of my cases. Having to prepare for two cases of this magnitude and complexity to be tried at once is a gargantuan task that would seriously impair KAMON's ability to present a defense to the charges.

16. It is in that light and guided by this court's Order re Criminal Proceedings at paragraph 4, encouraging the filing of motions at the earliest possible time, that I decided to file a motion to exclude the evidence of the side fraud earlier than the last date for such a filing.

17. While KAMON believes that the Government's proffered evidence should be excluded, he is entitled to a ruling at the earliest possible time pertaining to what evidence he will be facing in order to properly defend himself. Setting a briefing schedule at GIRARDI's convenience does not leave room for proper preparation of a defense by KAMON. Thus, while GIRARDI cries that his constitutional right to present a complete defense is implicated, he disregards KAMON's right to do the same.

18. Nor does GIRARDI make a compelling case for changing the current briefing schedule. And, as noted above, GIRARDI does not propose any different specific schedule.

19. Nothing in GIRARDI's application states grounds for ex parte extraordinary relief.

   a. He first attempts to rehash its already heard and considered argument that the defense team has changed. GIRARDI has three lawyers assigned to his defense – the same three lawyers that he has had at least since January 2024, one of whom has been assigned since March 2023 – but the supporting declaration does not explain how those resources are insufficient to allow him to file an opposition to KAMON's motion as currently set while those same resources were used to prepare an extensive motion for pretrial ruling regarding juror questionnaires. See Docket No. 186, filed May 17, 2024.

b. Additionally, GIRARDI states that he "plans to file a severance motion, which is due on June 21." This statement is troublesome in at least two respects. First, there is no explanation setting forth reasons that the severance motion could not have been filed earlier, as GIRARDI has done with his own motion seeking a decision of this court on juror questionnaires. The juror questionnaire motion requested a pretrial ruling, arguing – and correctly so – that the issue required time for preparation of questionnaires. Moreover, the statement that the severance motion "is due on June 21" is misleading. June 21, 2024, is the *last date* upon which a motion may be filed.

20. GIRARDI concedes that KAMON's "motion raises issues that should be decided in advance of the late-July pretrial conference," Declaration of Charles J. Snyder, p. 2, par. 6, but then seeks to establish a briefing schedule that is convenient for his purposes without regard to the enormous prejudice that it would cause KAMON if questions pertaining to admissible evidence are not determined as early as possible to allow him to prepare his defense.

21. GIRARDI has not shown that he is entitled to the extraordinary relief that an ex parte procedure requires and his application should be denied.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Pasadena, California, on May 27, 2024.

/s/ *Michael V. Severo*

Michael V. Severo, Declarant