E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate & Securities Fraud Strike Force
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-0141
     E-mail:    scott.paetty@usdoj.gov
                ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-47-JLS |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR RULE 17 SUBPOENA DUCES TECUM (DKT. 285)</u> |
| v. | |
| THOMAS VINCENT GIRARDI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby files its opposition to defendant Thomas Vincent Girardi's <u>ex parte</u> application Rule 17 subpoena duces tecum as an improper use of Rule 17 and asks the Court to deny defendant's request, in part. As noted in defendant's application, the government does not oppose the defendant's request for discrete materials, such as raw audio recordings of trial witnesses, or

1  deposition transcripts.  (Dkt. 285 at 7.)  However, defendant's
2  request for "any and all discovery produced by and/or to you, in any
3  form" is overbroad and clearly a fishing expedition, which is an
4  inappropriate use of a Rule 17 subpoena.  (See Dkt. 179 (prior order
5  denying defendant's Rule 17 subpoenas, in part, because "[i]t
6  appears, therefore, like the proverbial fishing expedition").)
7       Here, unlike defendant's articulated need and discrete request
8  for prior witness statements, he has not made the same showing in
9  order to justify his broad request for all discovery produced and/or
10 received in the civil litigation.  (Id. at 6 ("[I]f the moving party
11 cannot reasonably specify the information contained or believed to be
12 contained in the documents sought but merely hopes that something
13 useful will turn up, this is a sure sign that the subpoena is being
14 misused.") (quoting United States v. Sellers, 275 F.R.D. 620, 624 (D.
15 Nev. 2011).)  It is clear that defendant cannot articulate any
16 specific need for these materials as he was unaware whether the civil
17 parties even engaged in document discovery (as was the government).
18 (Exhibit 1 attached hereto.)  After inquiring with the civil
19 defendant, the government has confirmed that the civil parties did in
20 fact engage in document discovery, and that "it was very voluminous."
21 (Id.)  Given that defendant has not identified a particular set of
22 materials, let alone articulated any appropriate need for such, the
23 Court should deny his broad request.[1]
24 //
25
26
27   [1] To the extent the Court grants defendant's request, and in light of the apparent volume of discovery exchanged in the civil
28 lawsuit, defendant should be estopped from later arguing that receipt of such "voluminous" materials now warrants a further delay of trial.

Accordingly, for the foregoing reasons, including the standards originally articulated in the government's prior opposition to defendant's Rule 17 subpoenas (Dkt. 173), the Court should deny defendant's request.

Dated: July 18, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


       /s/
SCOTT PAETTY
ALI MOGHADDAS

Attorneys for Plaintiff
UNITED STATES OF AMERICA